ELECTRONICALLY FILED
6/8/2012 2:36 PM
03-CV-2012-901515.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| TARA D. SALLEE, as Administratrix of the Estate of her sister, LATONYA JOYCE SALLEE, deceased, and TARA D. SALLEE, as Administratrix and next friend of _____Minor_____, the minor child of LaTonya Joyce Sallee, deceased and ED PARISH, JR., as Administrator of the Estate of DERRICK SAGERS, deceased, and  ED PARISH, Jr., as personal representative and next friend of _____Minor_____, the minor child of Derrick Sagers, deceased, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| **Plaintiffs,** | §<br>§ |
| **v.** | §<br>§   **CIVIL ACTION NO. CV-2012-901515** |
| FORD MOTOR COMPANY; BRIDGESTONE AMERICAS, INC.; BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC d/b/a FIRESTONE; WOODMERE MOTORS, INC.; M&D AUTOMOTIVE INCORPORATED; Fictitious Defendants A-C, those persons,  corporations, or other legal entities who or which designed, manufactured, advertised, sold, or otherwise placed into the stream of commerce the 1995 Ford Explorer that is the subject matter of this lawsuit; Fictitious Defendants D-F, those persons, corporations, or other legal entities who or which designed, manufactured, engineered, advertised, sold, or otherwise placed into the stream of commerce the Firestone FR480 P225/70R15 tire on the 1995 Ford Explorer that is the subject matter of this lawsuit; Fictitious Defendants G-I, those persons, corporations, or other legal entities who or which installed, repaired, inspected, or replaced the tires on the 1995 Ford Explorer that is the subject matter of this | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

| | |
|---|---|
| **lawsuit; Fictitious Defendants J-L, those** | § |
| **persons, corporations, or other legal** | § |
| **entities whose negligence, wantonness, or** | § |
| **other wrongful conduct combined and** | § |
| **concurred with the conduct of Defendants** | § |
| **herein to cause the injuries sustained by** | § |
| **LaTonya Sallee and Derrick Sagers, All** | § |
| **of said fictitious parties are unknown to** | § |
| **Plaintiff at this time but will be** | § |
| **substituted by amendment when** | § |
| **ascertained,** | § |
| | § |
| **Defendants.** | § |

## PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs amend this Complaint to reflect that Ed Parish, Jr. is the properly named Administrator of the Estate of Derrick Sagers.  Accordingly, Plaintiffs file this Amended Complaint to correctly identify Ed Parish, Jr. as the Administrator of the Estate of Derrick Sagers and as the personal representative and next of friend of            Minor            , the minor child of Derrick Sagers, as follows:

### Statement of the Parties

1.      Plaintiff Tara Sallee is over the age of nineteen (19) years and is a resident citizen of Montgomery County, Alabama.  Ms. Sallee is the sister of the deceased, LaTonya Sallee, and files this as the Administratrix of her estate and as next friend of her nephew,            Minor            , the minor child of LaTonya Sallee.

2.      Plaintiff Ed Parish, Jr. is over the age of nineteen (19) years and is a resident citizen of Montgomery County, Alabama.  Mr. Parish is the duly appointed Administrator of the Estate of Derrick Sagers, deceased, and files this as the Administrator of his estate and as personal representative and next friend of the minor child of Derrick Sagers,            Minor

.

2

3.      Defendant Ford Motor Company (hereinafter "Ford") is believed to be a foreign corporation doing business by agent in the State of Alabama.

4.      Defendant Bridgestone Americas, Inc. is believed to be a Nevada corporation with its principal place of business in Tennessee.  Defendant Bridgestone Americas, Inc. is engaged in the business of designing, manufacturing, and selling tires.  Upon information and belief, Defendant Bridgestone Americas, Inc. is doing business by agent in the State of Alabama.

5.      Defendant Bridgestone Americas Tire Operations, LLC d/b/a Firestone (hereinafter "Firestone") is believed to be a foreign limited liability company organized under the laws of the state of Delaware with its principal place of business in Tennessee.  Upon information and belief, Defendant Bridgestone Americas Tire Operations, LLC d/b/a Firestone is doing business by agent in the State of Alabama.

6.      Defendant Woodmere Motors, Inc. (hereinafter "Woodmere") is believed to be a domestic corporation organized and existing under the laws of the State of Alabama and all times material was engaged in the business of selling automobiles in Montgomery County, Alabama and sold the 1995 Ford Explorer which is, in part, the subject matter of this lawsuit.

7.      Defendant M&D Automotive Incorporated (hereinafter "M&D Automotive") is believed to be a domestic corporation organized and existing under the laws of the State of Alabama and all times material was engaged in the business of repairing automobiles which includes selling, mounting, and repairing tires in Montgomery County, Alabama.

8.      Fictitious Defendants "A" through "C" are those persons, corporations, or other legal entities who or which designed, manufactured, advertised, sold, or otherwise placed into the stream of commerce the 1995 Ford Explorer that is the subject matter of this lawsuit.

9.      Fictitious Defendants "D" through "F" are those persons, corporations, or other legal entities who or which designed, manufactured, engineered, advertised, sold, or otherwise placed into the stream, of commerce the Firestone FR480 P225/70R15 tires on the 1995 Ford Explorer that is the subject matter of this lawsuit.

10.     Fictitious Defendants "G" through "I" are those persons, corporations, or other legal entities who or which installed, repaired, inspected, or replaced the tires on the 1995 Ford Explorer that is the subject matter of this lawsuit.

11.     Fictitious Defendants "J" through "L" are those persons, corporations, or other legal entities whose negligence, wantonness, or other wrongful conduct combined and concurred with the conduct of Defendants herein to cause the injuries sustained by LaTonya Sallee and Derrick Sagers.

### Statement of the Facts

12.     On July 2, 2011, Derrick Sagers and LaTonya Sallee were travelling northbound on I-85 in the 1995 Ford Explorer in a manner reasonably foreseeable to Defendants.

13.     At the time the subject vehicle was sold, it had a Firestone FR480 P225/70R15 tire on it.  When Woodmere Motors sold the vehicle, it was equipped with a twelve (12) year old tire that was defective and should have been removed from the vehicle.  This defective tire was serving as the spare.  Then M&D Automotive, within days of the wreck, inspected the vehicle and the defective tire that detreaded on the subject vehicle.  At the time M&D Automotive inspected the tire it was approximately sixteen (16) years old.  M&D Automotive mounted the sixteen (16) year old tire on the vehicle for use.  M&D Automotive did not warn Mr. Sagers of this defective condition.

14.     As Mr. Sagers drove on I-85 in Alabama, the tread on the sixteen (16) year old left rear tire (driver's side rear tire) began to separate.  Almost immediately after crossing into Georgia, the tire completely detreaded causing Mr. Sagers to lose control of the 1995 Ford Explorer.  As a result of the tire separation and Mr. Sagers's loss of control, the 1995 Ford Explorer left its lane of travel and began to roll over on the roadway before finally coming to rest on the shoulder of the road.

15.     The 1995 Ford Explorer was designed, manufactured, assembled, sold, and/or distributed by Defendants Ford Motor Company, Woodmere Motors, Inc., and Fictitious Defendants "A" through "C".  At the time of the accident, the subject Explorer was being operated in an intended and foreseeable manner.  However, the subject Explorer was defective and unreasonably dangerous when being so used and Defendants knew, or should have known, that the 1995 Ford Explorer was defective and unreasonably dangerous when being used in an intended and foreseeable manner.

16.     At the time of the accident, the 1995 Ford Explorer was in substantially the same condition as it was when manufactured and sold by Defendants Ford Motor Company and Woodmere Motors, Inc.

17.     The left rear tire on the 1995 Ford Explorer was a Firestone FR480 P225/70R15 (hereinafter "FR480") that was designed, engineered, manufactured, marketed, sold, repaired, inspected, and/or distributed by Defendants Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, and Fictitious Defendants "G" through "L".  At the time of the occurrence made the basis of this suit, the subject tire was in substantially the same condition as when it was sold by Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone.

18.      Before the subject wreck, the sixteen (16) year old, defective tire had been mounted on the vehicle by an employee of M&D Automotive.

19.      As a proximate result of the Defendants' failure to warn of the dangers of using a sixteen (16) year old tire on a Ford Explorer, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death.

20.      As a direct and proximate result of the defective Firestone tire and the defective condition of the 1995 Ford Explorer, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death.

## COUNT I
**Alabama Extended Manufacturers Liability Doctrine**
**against Ford Motor Company and Fictitious Defendants "A" through "C"**

21.      Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 20 above as if set out here in full.

22.      This Count is based upon the Alabama Extended Manufacturer's Liability Doctrine.

23.      Defendants Ford Motor Company and Fictitious Defendants "A" through "C" designed, engineered, tested, manufactured, distributed, and marketed that the 1995 Ford Explorer which is the subject matter of this lawsuit.

24.      Said Defendants reasonably expected that the 1995 Ford Explorer would reach the ultimate user or consumer in the condition it was in at the time of the collision.

25.      At the time of the collision, the 1995 Ford Explorer was in substantially the same mechanical and design condition as it was on the date of its manufacture and sale.

26.      The collision events and the collision mode were reasonably foreseeable to Defendants Ford Motor Company and Fictitious Defendants "A" through "C".

6

27.     At the time of the collision, the 1995 Ford Explorer was unreasonably dangerous and defective and the defects existing therein subjected Derrick Sagers and LaTonya Sallee to an unreasonable risk of harm in that the vehicle, as designed and manufactured, had a substantial propensity to roll over.  The Ford Explorer was operationally defective in that it was unstable as it relates to the vehicle's characteristics for longitudinal, handling, and/or over-steer propensities, making the vehicle uncrashworthy.

28.     The 1995 Ford Explorer was defective in its design, manufacture, and/or warnings that accompanied it.  As a direct and proximate result of the defective condition of the 1995 Ford Explorer, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death.

WHEREFORE, Plaintiffs demand judgment against Defendant Ford Motor Company and Fictitious Defendants "A" through "C" for such damages as a jury may determine to be appropriate and necessary for the purpose of punishing Defendants and for the added purpose of protecting the public generally by deterring such wrongful conduct in the future along with all costs associated with this action.

### <u>COUNT II</u>
**Alabama Extended Manufacturers Liability Doctrine against Defendants Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, and Fictitious Defendants "D" through "I"**

29.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 28 and any unnumbered paragraphs above as if set out here in full.

30.     This Count is based upon the Alabama Extended Manufacturer's Liability Doctrine.

31.     Defendants Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, and Fictitious Defendants "D" through "I" designed, engineered, tested,

manufactured, distributed, and marketed the Firestone FR480 P225/70R15 which is the subject matter of this lawsuit.

32.     Said Defendants reasonably expected that the tire would reach the ultimate user or consumer in the condition it was in at the time of the collision.

33.     At the time of the collision, the tire was in substantially the same mechanical and design condition as it was on the date of its manufacture and sale.

34.     The collision events and the collision mode were reasonably foreseeable to Defendants Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, and Fictitious Defendants "D" through "I".

35.     At the time of the collision, the Firestone FR480 P225/70R15 was unreasonably dangerous and defective and the defects existing therein subjected Derrick Sagers and LaTonya Sallee to an unreasonable risk of harm in that the tire, as designed and manufactured, was defective and was known, or should have been known, by Defendants Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone that the subject tire had a propensity for tread separation.  The subject Firestone tire was not reasonably safe by design when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous when being used in a foreseeable manner for which it was intended.

36.     The Firestone tire was defective in its design, manufacture, and/or warnings that accompanied it.  As a direct and proximate result of the defective condition of the Firestone tire, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death.

WHEREFORE, Plaintiffs demand judgment against Defendants Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, and Fictitious Defendants "D" through "I" for such damages as a jury may determine to be appropriate and necessary for the

purpose of punishing Defendants and for the added purpose of protecting the public generally by deterring such wrongful conduct in the future along with all costs associated with this action.

<u>COUNT III</u>
**Crashworthiness**

37. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 36 and any unnumbered paragraphs above as if set out here in full.

38. Defendants Ford Motor Company and Fictitious Defendants "A" through "C" sold, distributed or otherwise placed into the stream of commerce the subject 1995 Ford Explorer.

39. The 1995 Ford Explorer was in a defective condition as it relates to the vehicle's crashworthiness when designed, manufactured, sold, distributed and placed into the stream of commerce by Defendants Ford Motor Company and Fictitious Defendants "A" through "C". The risks associated with the subject vehicle greatly outweighed its use/utility, especially when weighed against alternative feasible designs which would have prevented or substantially reduced the potential for injuries to Derrick Sagers and LaTonya Sallee.

40. At the time of the wreck made the basis of this action, the 1995 Ford Explorer as designed and distributed was unreasonably dangerous in the vehicle was not crashworthy and subjected Derrick Sagers and LaTonya Sallee to an unreasonable risk of harm. The failure of the Ford Explorer to provide reasonable occupant protection during foreseeable accidents, including rollovers, renders the subject vehicle uncrashworthy. The defective condition of the Ford Explorer as it relates to crashworthiness has been known to the Defendants as a result of numerous prior incidents and claims, including lawsuits.

41. Defendants reasonably expected that the 1995 Ford Explorer would reach the ultimate consumer in the condition that it was in at the time of the incident.

9

42.     Alternatively, Defendants failed to warn consumers adequately of the risks inherent in the design of the subject vehicle, thereby rendering the Ford Explorer not crashworthy.

43.     The 1995 Ford Explorer was defective in its design, manufacture and/or warnings that accompanied it making it not crashworthy and these defects were foreseeable to the Defendants Ford and Fictitious Defendants "A" through "C".

44.     As a direct and proximate result of the defective nature of the 1995 Ford Explorer, it was not crashworthy, and Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death.

WHEREFORE, Plaintiffs demand judgment against Defendants Ford Motor Company and Fictitious Defendants "A" through "C" for such damages as a jury may determine to be appropriate and necessary for the purpose of punishing Defendants and for the added purpose of protecting the public generally by deterring such wrongful conduct in the future along with all costs associated with this action.

<u>COUNT IV</u>
**Breach of Warranty**

45.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 44 and any unnumbered paragraphs above as if set out here in full.

46.     The Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and all fictitious party Defendants expressly and/or impliedly warranted that the Ford Explorer and Firestone tire involved in the occurrence made the basis of this Complaint were reasonably fit and suitable for the purposes for which they were intended to be used.  The Plaintiffs claim that the Defendants breached said expressed or implied warranties of merchantability and/or fitness

for a particular purpose in that said Ford Explorer and Firestone tire were not reasonably fit and suitable for the purposes for which they were intended to be used, but to the contrary, said Ford Explorer and Firestone tire were dangerously defective and unsafe.

47.     As a proximate result of the aforesaid breach of implied and/or expressed warranties of each of the Defendants, including the fictitious party defendants, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death.

WHEREFORE, Plaintiffs demand judgment against Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and all fictitious party Defendants for such damages as a jury may determine to be appropriate and necessary for the purpose of punishing Defendants and for the added purpose of protecting the public generally by deterring such wrongful conduct in the future along with all costs associated with this action.

## COUNT V
### Negligence

48.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 47 and any unnumbered paragraphs above as if set out here in full.

49.     Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and all fictitious party Defendants designed, engineered, manufactured, advertised, tested, distributed, marketed, inspected, sold, or otherwise placed into the stream of commerce the 1995 Ford Explorer and the Firestone FR480 P225/70R15 which are the subject of occurrence made the basis of this Complaint.  Said Defendants had a duty to exercise reasonable care in providing a safe product, and to manufacture, design, engineer, advertise, test, distribute, market, inspect,

sell, or otherwise place into the stream of commerce a product that would not subject the vehicle's occupants to unreasonable risk of harm, injury, or death.

50.     However, Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and all fictitious party Defendants negligently designed, engineered, manufactured, advertised, tested, distributed, marketed, inspected, sold, or otherwise placed into the stream of commerce the 1995 Ford Explorer and the Firestone FR480 P225/70R15 which were operationally defective and unreasonably dangerous to expected users or consumers.

51.     Defendants reasonably expected that the Ford Explorer and Firestone tire would reach the ultimate user or consumer in the condition they were at the time of the collision made the basis of this lawsuit.

52.     Defendants were negligent in exercising due care in providing a reasonably safe product to the public and failing to warn the public of any known or foreseeable dangers from their normal and customary use.

53.     As a proximate result of the aforesaid negligence of the Defendants, including the fictitious party defendants, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death.

WHEREFORE, Plaintiffs demand judgment against Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and all fictitious party Defendants for such damages as a jury may determine to be appropriate and necessary for the purpose of punishing Defendants and for the added purpose of protecting the public generally by deterring such wrongful conduct in the future along with all costs associated with this action.

**COUNT VI**
**Wantonness**

54.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 53 and any unnumbered paragraphs above as if set out here in full.

55.     Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and all fictitious party Defendants designed, engineered, manufactured, advertised, tested, distributed, marketed, inspected, sold, or otherwise placed into the stream of commerce the 1995 Ford Explorer and the Firestone FR480 P225/70R15 which are the subject of occurrence made the basis of this Complaint.  Said Defendants had a duty to exercise reasonable care in providing a safe product, and to manufacture, design, engineer, advertise, test, distribute, market, inspect, sell, or otherwise place into the stream of commerce a product that would not subject the vehicle's occupants to unreasonable risk of harm, injury, or death.

56.     However, Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and all fictitious party Defendants wantonly designed, engineered, manufactured, advertised, tested, distributed, marketed, inspected, sold, or otherwise placed into the stream of commerce the 1995 Ford Explorer and the Firestone FR480 P225/70R15 which were operationally defective and unreasonably dangerous to expected users or consumers.

57.     Defendants reasonably expected that the Ford Explorer and Firestone tire would reach the ultimate user or consumer in the condition they were at the time of the collision made the basis of this lawsuit.

58.     Defendants were wanton in exercising due care in providing a reasonably safe product to the public and failing to warn the public of any known or foreseeable dangers from their normal and customary use.

59.     As a proximate result of the aforesaid wanton conduct of the Defendants, including the fictitious party defendants, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death.

WHEREFORE, Plaintiffs demand judgment against Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and all fictitious party Defendants for such damages as a jury may determine to be appropriate and necessary for the purpose of punishing Defendants and for the added purpose of protecting the public generally by deterring such wrongful conduct in the future along with all costs associated with this action.

## COUNT VII
### Negligence/Wantonness against Woodmere Motors, Inc.
### and M&D Automotive Incorporated

60.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 59 and any unnumbered paragraphs above as if set out here in full.

61.     Defendants Woodmere Motors and M&D Automotive negligently and wantonly inspected, repaired, serviced and maintained the subject 1995 Ford Explorer by mounting or failing to remove the Firestone FR480 P225/70R15 on said vehicle.  Said Defendant had a duty to exercise reasonable care in providing an adequate inspection, repairs, and maintenance to consumers and to properly warn of any known hazards would subject the vehicle's occupants to unreasonable risk of harm, injury, or death.

62.     Defendants Woodmere Motors and M&D Automotive negligently and wantonly failed to warn, inspect, repair, and maintain the 1995 Ford Explorer by installing or failing to remove the Firestone FR480 P225/70R15 on said vehicle which were operationally defective and unreasonably dangerous to expected users or consumers.

63.     Defendants Woodmere Motors and M&D Automotive was negligent and wanton in exercising due care in providing a reasonably inspection, repair, and maintenance and placing said tire on the vehicle and failing to warn of known hazards associated with operating a vehicle with a tire that is approximately 17 years old.

64.     As a proximate result of the aforesaid negligent and wanton conduct of the Defendants, including the fictitious party defendants, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death.

WHEREFORE, Plaintiffs demand judgment against Defendants Woodmere Motors and M&D Automotive for such damages as a jury may determine to be appropriate and necessary for the purpose of punishing Defendants and for the added purpose of protecting the public generally by deterring such wrongful conduct in the future along with all costs associated with this action.

### COUNT IX
**Negligent and Wanton Failure to Warn against Defendants Ford Motor Company,
Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC
d/b/a Firestone, Woodmere Motors, Inc., M&D Automotive
Incorporated, and Fictitious Defendants "A" through "I"**

65.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 64 and any unnumbered paragraphs above as if set out here in full.

66.     Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and

Fictitious Defendants "A" through "I" had a duty to warn of known hazards caused by the Firestone FR480 tire which was on the subject vehicle.

67.      Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and Fictitious Defendants "A" through "I" breached the duty to warn users Defendants were aware that as tires aged they become prone to detread or fail even when there was adequate tread on the tire.

68.      As a proximate result of Defendants, including the fictitious party defendants, negligent and wanton failure to warn of the increased dangers associated with aging tires, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death.

WHEREFORE, Plaintiffs demand judgment against Defendants Ford Motor Company, Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and Fictitious Defendants "A" through "I" for such damages as a jury may determine to be appropriate and necessary for the purpose of punishing Defendants and for the added purpose of protecting the public generally by deterring such wrongful conduct in the future along with all costs associated with this action.

<u>**COUNT X – GEORGIA LAW**</u>
**Strict Liability/Design and Manufacturing Defect of Defendants Ford Motor Company, Woodmere Motors, Inc., M&D Automotive Incorporated, and Fictitous Defendants "A" through "C"**

69.      Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 68 and any unnumbered paragraphs above as if set out here in full.

70.      Defendants Ford Motor Company, Woodmere Motors, M&D Automotive, and Fictitious Defendants "A" through "C" designed, manufactured, advertised, sold, or otherwise

placed into the stream of commerce the 1995 Ford Explorer which is made the basis of this action.

71.     The subject vehicle was defectively designed and/or manufactured, for which Ford is strictly liable.

72.     At the time of the collision, the 1995 Ford Explorer was unreasonably dangerous and defective and the defects existing therein subjected Derrick Sagers and LaTonya Sallee to an unreasonable risk of harm in that the vehicle, as designed and manufactured, had a substantial propensity to roll over.   Defendants   Ford Motor Company and Fictitious Defendants "A" through "C" are strictly liable in that they designed, engineered, manufactured, advertised, tested, distributed, marketed, inspected, sold, or otherwise placed into the stream of commerce the 1995 Ford Explorer which was operationally defective and unreasonably dangerous to expected users or consumers.

73.     Defendants reasonably expected that the Ford Explorer would reach the ultimate user or consumer in the condition it was in at the time of the collision made the basis of this lawsuit.

74.     Defendants were strictly liable for not exercising due care in providing a reasonably safe product to the public and failing to warn the public of any known or foreseeable dangers from its normal and customary use.

75.     As a proximate result of the aforesaid actions of the Defendants, including the fictitious party defendants, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death and are entitled to compensatory damages.

## COUNT XI – GEORGIA LAW

**Strict Liability/Design and Manufacturing Defect of Defendants Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, Inc., M&D Automotive Incorporated, and Fictitious Defendants "D" through "I"**

76.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 75 and any unnumbered paragraphs above as if set out here in full.

77.     Defendants Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere Motors, M&D Automotive, and Fictitious Defendants "D" through "I" designed, engineered, tested, manufactured, distributed, and marketed the Firestone FR480 P225/70R15 which is the subject matter of this lawsuit.

78.     The subject tire was defectively designed, manufactured, and unreasonably dangerous because the tire prematurely failed when the tread separated and resulted in death to the occupants under foreseeable and anticipated driving conditions and situations.  The risk of injury and death outweighed the utility of Firestone's chosen design.  In fact, Firestone was aware of alternative designs and manufacturing issues prior to the subject tire being manufactured that would have eliminated or reduced partial tread separations.

79.     The subject tire was defectively designed and/or manufactured, for which Firestone is strictly liable.

80.     Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone failed to incorporate by design tire characteristics that would prevent or reduce the likelihood of tire tread separations.

81.     Defendants Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, Woodmere, and M&D Automotive failed to adequately warn the decedents, other consumers, or the public in general about the unsafe and defective condition and design of

the tire known to Defendants, such that individuals like the decedents could make informed and prudent decisions regarding traveling or riding on such tires.

82.     Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone failed to implement safe, technologically feasible, and economically practical alternative designs, which would have mitigated or cured the design defects noted above.

83.     Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone failed to manufacture the subject tire in accordance with reasonable and accepted tire manufacturing practices which would have mitigated or cured the manufacturing defects noted above.

84.     Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone failed to hold paramount the safety, health, and welfare of the public when designing the tire made the basis of this suit.

85.     Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone failed to eliminate through design hazards that it recognized to be associated with the use of its products.

86.     Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone failed to protect, warn or guard consumers against hazards it recognized to be associated with the use of its products.

87.     Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone failed to complete an adequate risk/hazard analysis of potential harm to consumers if the subject tire experienced a tread separation.

88.     Reasonably careful tire companies seek to design tires so that it will not fail by separation of the tread and top belt from the bottom belt and carcass.

89.     Reasonably careful tire companies seek to manufacture tires so that it will not fail by separation of the tread and top belt from the bottom belt and carcass.

90.     The Firestone tire failed during its useful tread life and as a result a separation of the tread and upper belt from the lower belt and carcass.

91.     The premature failure of the Firestone tire is a result of a separation of the tread and upper belt from the lower belt and carcass and was a result of manufacturing and design defects and maliciously and grossly negligent and manufacturing and designing practices.

92.     Aside from foreseeable wear and aging, the Firestone tire was in the same condition at the time of the wreck as it was when it left Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone's possession.

93.     The defective, unfit, and unreasonably dangerous conditions of the Firestone tire were a producing and proximate cause of the wreck made the basis of this suit.

94.     As a proximate result of the aforesaid actions of the Defendants, including the fictitious party defendants, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death and are entitled to compensatory damages.

## COUNT XII – GEORGIA LAW
**Negligence and/or Wantonness of Defendants Ford Motor Company, Woodmere Motors, Inc., M&D Automotive Incorporated, and Fictitious Defendants "A" through "C"**

95.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 94 and any unnumbered paragraphs above as if set out here in full.

96.     Defendants Ford Motor Company, Woodmere Motors, M&D Automotive, and Fictitious Defendants "A" through "C" owed a duty of care to the decedents and the consumer public in general to design and sell a reasonably safe vehicle and to warn about dangers in the 1995 Ford Explorer that Ford was aware.

97.     Defendants had a duty to hold paramount the safety, health, and welfare of the public in designing, manufacturing, selling and/or failing to warn of the hazards associated with using tires more than five (5) years old.

98.     Defendants had a duty to eliminate through design and manufacturing hazards they recognized to be associated with the use of the vehicle made the basis of this suit, including using a tire over five (5) years old.

99.     Defendants had a duty to protect or guard consumers against hazards it recognized to be associated with the use of its product if it was able to eliminate the hazard through design or manufacturing.

100.    Defendants had a duty to warn consumers of hazards recognized to be associated with the use of its product if such recognized hazards could not be designed out, guarded against or manufactured out.

101.    As a proximate result of the negligence and/or wantonness of the Defendants, including the fictitious party defendants, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death and are entitled to compensatory damages.

### COUNT XIII – GEORGIA LAW
**Negligence and/or Wantonness of Defendants Bridgestone Americas, Inc.,
Bridgestone Americas Tire Operations, LLC d/b/a Firestone,
and Fictitious Defendants "D" through "I"**

102.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 101 and any unnumbered paragraphs above as if set out here in full.

103.    Defendants Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC d/b/a Firestone, and Fictitious Defendants "D" through "I" owed a duty of care to the decedents and the consumer public in general to design and sell a reasonably safe tire and to

warn about dangers in the model tire that Bridgestone Americas, Inc. and Bridgestone Americas Tire Operations, LLC d/b/a Firestone were aware.

104.   Defendants had a duty to hold paramount the safety, health, and welfare of the public in designing and manufacturing the tire made the basis of this suit.

105.   Defendants had a duty to eliminate through design and manufacturing hazards they recognized to be associated with the use of the tire made the basis of this suit.

106.   Defendants had a duty to protect or guard consumers against hazards it recognized to be associated with the use of its product if it was able to eliminate the hazard through design or manufacturing.

107.   Defendants had a duty to warn consumers of hazards recognized to be associated with the use of its product if such recognized hazards could not be designed out, guarded against or manufactured out.

108.   As a proximate result of the negligence and/or wantonness of the Defendants, including the fictitious party defendants, Derrick Sagers and LaTonya Sallee sustained severe, bodily injury resulting in death and are entitled to compensatory damages.

## COUNT XIV – GEORGIA LAW
### (Wrongful Death)

109.   Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 108 and any unnumbered paragraphs above as if set out here in full.

110.   At the time of his death, Derrick Sagers was thirty-two (32) years old.  Plaintiff Ed Parish, Jr. brings this action as the Administrator of the Estate for the full value of his life and as personal representative and next friend of the minor child of Derrick Sagers, KeRae Nicole Sagers.

111.     At the time of her death, LaTonya Sallee was thirty-two (32) years old.  Plaintiff Tara Sallee, brings this action as the sister and as administratrix of the estate for the full value of the life of her sister.  Plaintiff Tara Sallee brings this action as the sister and administratrix of the estate of LaTonya Sallee and as next friend of Gregory Thomas, the minor child of LaTonya Sallee.

## COUNT XV – GEORGIA LAW
### (Injuries and Damages)

112.     Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 111 and any unnumbered paragraphs above as if set out here in full.

113.     Ed Parish, Jr., as Administrator of the Estate of Derrick Sagers, deceased, has standing to recover for the wrongful death of Mr. Sagers.  Plaintiff Parish brings this action as the Administrator of the Estate of Derrick Sagers and as next friend of KeRae Nicole Sagers, the minor child of Derrick Sagers.

114.     Tara Sallee, as sister and administratrix of the estate of LaTonya Sallee, deceased, has standing to recover for the wrongful death of her sister.  Plaintiff Tara Sallee brings this action as the sister and administratrix of the estate of LaTonya Sallee and as next friend of Gregory Thomas, the minor child of LaTonya Sallee.

115.     As a direct and proximate result of the negligence and misconduct of Defendants, as well as the unsafe and unreasonably dangerous 1995 Ford Explorer and Firestone FR480 P225/70R15, Derrick Sagers and LaTonya Sallee were killed, and their estates are entitled to recover from all of the Defendants the full value of the life of Derrick Sagers and LaTonya Sallee as well as damages for pain and suffering.

## COUNT XVI – GEORGIA LAW
### (Punitive Damages)

116.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 115 and any unnumbered paragraphs above as if set out here in full.

117.    Defendants were aware long before this incident occurred that their products, would be used by families and individuals, over the roads and highways.

118.    Defendants were aware long before this incident occurred that the 1995 Ford Explorer and Firestone FR480 P225/70R15 were dangerous.   Despite their knowledge, Defendants did nothing to remedy or mitigate such problems so that innocent victims like Derrick Sagers and LaTonya Sallee would not be injured or killed.

119.    Despite their knowledge of the dangerous defects in the 1995 Ford Explorer and Firestone FR480 P225/70R15, Defendants did nothing to warn its customers of the problems so as to afford innocent victims like Derrick Sagers and LaTonya Sallee needed information to avoid being injured or killed.

120.    As a result of the Defendants' callous, wanton, or reckless indifference to the safety and well-being of the consumer public and users.   Numerous victims have been injured, maimed, or killed over time and people continue to be injured, maimed, and killed in such incidents even today.

121.    There is clear and convincing evidence that Defendants acted with such willful, wanton, and reckless indifference, demonstrating an entire wanton of care for the safety and well-being of victims like Derrick Sagers and LaTonya Sallee and others so as to evidence a conscious indifference to the consequences of its acts and thereby demand an award of punitive damages against Defendants, pursuant to O.C.G.A. §51-12-5.1, that will punish them for the harm they have caused and that will deter them from similar future misconduct.

WHEREFORE, Plaintiffs demand judgment against all Defendants for the following damages:

a)   Damages for the full value of Derrick Sagers and LaTonya Sallee's lives, both tangible and intangible, economic and non-economic, and all other damages available for the wrongful death of Derrick Sagers and LaTonya Sallee, in an amount to be determined by the enlightened conscience of the jury based upon the evidence introduced at trial;

b)   Damages for any and all pain and suffering, fright, shock, terror or anxiety suffered by Derrick Sagers and LaTonya Sallee in the moments immediately before, during and after the subject incident up until their deaths; for any and all medical bills related to this incident or funeral expenses incurred by the families of Derrick Sagers and LaTonya Sallee, and for any other damages which would have been recoverable by Derrick Sagers and LaTonya Sallee related to this incident had they lived following this incident under whatever law deemed applicable;

c)   Costs of this suit;

d)   Punitive damages to be determined by the enlightened conscious of a jury based upon the evidence as trial, and in an amount sufficient to punish the Defendants and deter them from similar future misconduct;

e)   Damages to all heirs permissible under Georgia law;

f)   All other damages available under Georgia law; and

g)   Such other and further relief as the Court deems just and proper.

/s/ LaBarron N. Boone
LABARRON N. BOONE (BOO029)
Attorney for Plaintiffs


OF COUNSEL:

BEASLEY, ALLEN, CROW,
 METHVIN, PORTIS & MILES, P.C.
218 Commerce Street
Post Office Box 4160
Montgomery, Alabama  36103-4160
 (334) 269-2343 – Telephone
(334) 954-7555 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the Alacourt e-filing system that will send notification of such filing to all counsel of record as shown below on this 8th day of October, 2013.


/s/ LaBarron N. Boone
OF COUNSEL


Terry P. Wilson
L. Bailey Jackson
Wilson & Jackson, LLC
1785 Taliaferro Trail
Montgomery, Alabama 36117
**Attorneys for Woodmere Motors, Inc.**

Kenneth M. Perry
Hope T. Cannon
Hillary L. Chinigo
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
**Attorneys for Bridgestone Americas Tire Operations, LLC**

D. Alan Thomas
John Isaac Southerland
Jennifer H. Reid
Huie, Fernambucq & Stewart, LLP
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
**Attorneys for Ford Motor Company**

Wesley Pitters
A.  Wesley Pitters, P.C.
1145 South Perry Street
Montgomery, Alabama 36104
**Attorney for M&D Automotive Incorporated**