IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TARA D. SALLEE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-806-WKW |
| | ) [WO] |
| FORD MOTOR COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM OPINION AND ORDER**

Defendants have removed this action for the second time pursuant to 28 U.S.C. §§ 1441(a) and 1446(b)(3), alleging that the Amended Complaint and a recently received affidavit show that this action is within the court's original diversity jurisdiction under 28 U.S.C. § 1332(a). Before the court is Plaintiffs' Motion to Remand. (Doc. # 17.) The motion is fully briefed (Docs. # 17, 22, 24), and the matter is ready for adjudication. Based upon the arguments of counsel and the relevant law, Plaintiffs' motion to remand is due to be granted.

### I. BACKGROUND

**A.**   **The Parties**

The Plaintiffs are: (1) Tara D. Sallee, the administratrix of the estate of her deceased sister, Latonya Joyce Sallee ("Sallee"), and personal representative and next of friend of G.T., the minor child of Sallee; and (2) Ed Parish, Jr., the

administrator of the estate of deceased Derrick Sagers ("Sagers"), and personal representative and next friend of K.N.S., the minor child of Sagers (collectively, "Plaintiffs"). Plaintiffs are citizens of Alabama. See 28 U.S.C. § 1332(c)(2).

The Defendants are Ford Motor Company ("Ford"), Bridgestone Americas, Inc., Bridgestone Americas Tire Operations, LLC, doing business as Firestone ("Bridgestone Defendants"), Woodmere Motors, Inc. ("Woodmere"), and M&D Automotive, Inc. ("M&D Automotive"). The Bridgestone Defendants and Ford are not citizens of Alabama, but Woodmere and M&D Automotive are. *See* 28 U.S.C. § 1332(c)(1).

### B. Facts as Alleged in the Amended Complaint

This case arises from an accident in July 2011 involving a 1995 Ford Explorer, bearing a Bridgestone tire also manufactured in 1995. Woodmere sold the vehicle to Sagers.

In December 2008, after Woodmere sold the Ford Explorer to Sagers but before the accident, Woodmere filed articles of dissolution with the Alabama Secretary of State. Just days before the July 2011 accident, M&D Automotive entered the picture. It inspected the vehicle and the sixteen-year-old tire, previously serving as a spare, and installed the tire without warning Sagers of its allegedly defective condition.

Days later, Sagers and Sallee headed north from the Montgomery, Alabama area on Interstate 85. Shortly after they crossed into Georgia, the tire detreaded. Sagers, who was driving, lost control of the vehicle, and both Sagers and Sallee died.

C.  **Procedural History**

Plaintiffs originally brought suit in the Circuit Court of Montgomery County, Alabama. The Bridgestone Defendants – with Ford's consent – removed this action to this court on December 14, 2012, on the basis that Woodmere and M&D Automotive were fraudulently joined to defeat federal diversity jurisdiction and that, in their absence, complete diversity existed ("First Removal"). *See* § 1441(a) (allowing removal of civil actions over which the district courts have original jurisdiction); § 1332(a) (defining original jurisdiction as including civil actions where the amount in controversy exceeds $75,000 and there is complete diversity). Plaintiffs moved to remand on January 11, 2013, arguing there was no fraudulent joinder, and therefore complete diversity was lacking. This court granted Plaintiffs' motion on June 27, 2013, and remanded the case back to Montgomery County Circuit Court. *See Sallee v. Ford Motor Co.*, 2:12-CV-1086-WKW, 2013 WL 3280325 (M.D. Ala. June 27, 2013) (order granting remand). It found that although Woodmere indisputably dissolved in 2008, its dissolution did not prevent Plaintiffs' claims against it; thus, it was unnecessary to analyze the

allegedly fraudulent joinder of M&D Automotive because Woodmere's presence defeated diversity jurisdiction.

On October 10, 2013, in state court Plaintiffs filed a motion to amend their Complaint to reflect that Ed Parish, Jr., had been substituted for Mary Coleman as the administrator of the estate of Sagers and as the personal representative and next friend of K.N.S. On October 23, 2013, Plaintiffs' motion was granted, and the Amended Complaint was allowed.

The Bridgestone Defendants filed their Second Notice of Removal ("Second Removal") in this court on October 30, 2013 (Doc. # 2), on the basis of the Amended Complaint and an affidavit the Bridgestone Defendants received from John Fitzgerald, the former president and director of Woodmere, a non-diverse co-Defendant. In the affidavit ("Fitzgerald Affidavit"), Fitzgerald states that Woodmere was a wholesaler at the time it owned and sold the subject vehicle. Fitzgerald alleges that Woodmere neither made any inspection of the subject vehicle nor gave any warranties at the time of the sale. (Doc. # 2, Ex. E.) The Bridgestone Defendants argue that this new information demonstrates that there is no possibility that Plaintiffs can prove their claims against Woodmere due to its status as a wholesaler. (Doc. # 2, at 5.)

The court finds this case in its lap again as predicted; though unexpectedly, Defendants make the same substantive arguments regarding their fraudulent

4

joinder argument – that Woodmere and M&D Automotive are fraudulently joined defendants, though their arguments regarding Woodmere are slightly different.[1] Plaintiffs have moved to remand for a second time, and that motion is pending. Plaintiffs do not dispute that § 1332(a)'s amount-in-controversy requirement is met; however, they again argue against a finding of fraudulent joinder. Before the substance of the fraudulent joinder argument can be addressed, Defendants must meet the procedural requirements of removal according to § 1446(b)(3).

## II. STANDARD OF REVIEW

### A. Generally

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1095.

---

[1] Defendants contend that "since this Court previously did not address whether M&D is a fraudulently joined defendant, that argument remains a basis for removal." (Defs.' Second Not. of Removal Doc. # 2, at 5.)

**B.** <u>Removal</u>

When a case is removed on the basis of diversity jurisdiction, a successful removal requires a defendant to jump through both procedural and substantive hoops. As to the procedural hoop, the removing party must satisfy the "how" and "when" dictates of 28 U.S.C. § 1446. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 756 (11th Cir. 2010). Section 1446(a), which "answers the question of how removal is accomplished," *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007), provides that a removing defendant "shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal . . . ." § 1446(a).

Section 1446(b) "answers the question of when an action is removable." *Lowery*, 483 F.3d at 1212. It "governs the timeliness of removal in civil cases." *Pretka*, 608 F.3d at 756. It is well established that "[t]he untimeliness of a removal is a procedural, instead of a jurisdictional, defect." *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997); *accord Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010). Section 1446(b) contains two subsections that

are relevant to the discussion in this case.[2]  Under § 1446(b)(1), a defendant may rely on the initial pleading, filing a notice of removal "after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief . . . ."  § 1446(b)(1).  However, if the initial pleading does not provide grounds for removal, a defendant may later file under § 1446(b)(3) a notice of removal "after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  § 1446(b)(3).

**C.**     **Remand**

28 U.S.C. § 1447(c) provides, in relevant part:  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  § 1447(c).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  *Id*.  As explained in *Lowery*, "§ 1447(c) distinguishes between motions to remand made within the first thirty days following removal, and challenges to subject matter jurisdiction brought after that time."  483 F.3d at 1213 n.64.  "Plaintiffs have only thirty days from the notice of removal to file a motion to remand challenging any procedural defects in the removal."  *Id*.  In other words, "[t]here is only a thirty-

---

[2] Prior to the statute's revision in December 2011, § 1446(b) was divided into two paragraphs.  The second paragraph is now the current § 1446(b)(3).

day window . . . for a plaintiff to challenge the propriety of the removal itself, whether that challenge be on the basis of a procedural defect or a lack of subject matter jurisdiction." *Id.*

### III. DISCUSSION

Plaintiffs make two arguments in support of their motion to remand. They argue, first, that Defendants have failed to meet the procedural requirements for removal and, second, that Defendants have not demonstrated the fraudulent joinder of Woodmere and M&D Automotive such that complete diversity is lacking. Because the procedural inquiry is dispositive, it is unnecessary to address the parties' substantive arguments regarding fraudulent joinder.

The parties do not dispute that this is a § 1446(b)(3) removal and that Plaintiffs timely filed their Motion to Remand within the thirty-day window. Rather, the issue is whether the removal comports with the procedural requirements of § 1446(b)(3) as dictated by *Lowery*.

Section 1446(b)(3) states that a "notice of removal may be filed within 30 days after *receipt* by the defendant, through service or otherwise, of a *copy* of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3) (emphasis added). *Lowery*, which involved a removal under the second paragraph of § 1446(b) (now § 1446(b)(3)), has compartmentalized this inquiry into three

8

elements: "[T]here *must* be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant *must* have received from the plaintiff (or from the court, if the document is an order) and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." 483 F.3d at 1213 n.63 (emphasis added) (quoting § 1446(b)). All three conditions must be present.

A. <u>The Fitzgerald Affidavit</u>

The second element of the *Lowery* inquiry pertaining to the "receipt from the plaintiff" rule is pivotal when analyzing whether the Fitzgerald Affidavit triggered the removal clock. Plaintiffs argue that the Fitzgerald Affidavit did not provide a basis for removal because it was not received from Plaintiffs. Defendants respond that § 1446(b)(3) does not mandate that the "other paper" be received from Plaintiffs.

An understanding of the "receipt from the plaintiff" rule requires discussion of *Pretka*. In *Pretka*, the Eleventh Circuit held that, as to removals based on § 1446(b)'s first paragraph (now § 1446(b)(1)), no limitations exist as to the evidence a federal court may consider when the removal is timely. In so holding, *Pretka* rejected *Lowery*'s dicta that a removal under the first paragraph of § 1446(b) must be based on a document received from the plaintiff. *See* 608 F.3d at 761 ("*Lowery*'s 'receipt from the plaintiff' rule has no application to cases . . . , which are removed under the first paragraph of § 1446(b)). Hence, under

9

§ 1446(b)(1), "the evidence the defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court." *Id.* at 768.

The Eleventh Circuit emphasized in *Pretka* that it was considering a removal under the first paragraph of § 1446(b) (now § 1446(b)(1)). *Id.* at 747. The Second Removal in this case, as in *Lowery*, occurred under § 1446's provision that reopens the removal period for thirty days when the defendant receives a document "from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). The Second Removal is not a § 1446(b) first-paragraph removal (now § 1446(b)(1)) as in *Pretka*. The procedure for when an action is removable under the second paragraph of the former § 1446(b) (now § 1446(b)(3)) is not controlled by the decision in *Pretka*.

Defendants nonetheless contend that *Pretka*'s "discussion of the purpose of the removal process is not limited to first paragraph removals," and that *Lowery* should be limited to its facts. (Doc. # 22, at 5–6.) To be sure, *Pretka* narrowed *Lowery*'s breadth by rejecting as dicta *Lowery*'s statement that the "receipt from the plaintiff" rule applied to § 1446(b) first-paragraph removals, given that *Lowery* "was not a first paragraph removal case." 608 F.3d at 762; *see id.* at 767 ("*Lowery* is a case in which the removal arose under the second paragraph of 28 U.S.C. § 1446(b)," and "we are not persuaded that its rule should apply to § 1446(b) first

10

paragraph removals."). *Pretka* found ample reason to distinguish between *Lowery*'s second-paragraph removal and the first-paragraph removal with which it was confronted for purposes of the "receipt from the plaintiff" rule. *See, e.g., Pretka*, 608 F.3d at 760 (contrasting the different language in the first and second paragraphs of § 1446(b)). But at the same time, *Pretka* did not encroach upon *Lowery*'s "receipt from the plaintiff" rule as *Lowery* applied it to the second-paragraph removal before it.

On the contrary, *Pretka* shored up the (b)(3) *Lowery* holding by reiterating the traditional rule that "only a voluntary act by the plaintiff may convert a non-removable case into a removable one." *Id.* at 761. "[A]n initially non-removable case 'cannot be converted into a removable one by evidence of the defendant . . . .'" *Id.* (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F. 2d 252, 254 (5th Cir. 1961). Defendants' citation to *Lambertson v. Go Fit, LLC*, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013), does not persuade otherwise. Defendants cite *Lambertson* for its statement that "[t]he definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *Id.* Defendants' brief disregards, however, the fact that the disputed "other paper" in *Lambertson* was received by the defendant *from the plaintiff*. *Lambertson* addressed whether the plaintiff's pre-suit demand package or the plaintiff's response to the defendant's request for admissions could be considered

"other paper," as contemplated by § 1446(b)(3). Both documents were received from the plaintiff by the defendant, and thus, *Lambertson* is consistent with *Lowery*'s "receipt from the plaintiff" rule.

If a principled reason exists for distinguishing the type of removal in this case from the type of removal in *Lowery* for purposes of applying the "receipt from the plaintiff" rule, the Bridgestone Defendants have not argued it.[3] Absent any other argument from Defendants or a decision from the Eleventh Circuit in a § 1446(b)(3) removal case further narrowing *Lowery*'s "receipt from the plaintiff" rule, *Lowery*'s rule will be applied in this § 1446(b)(3) removal. *See Jackson v. Litton Loan Servicing, LP*, No. 09cv1165, 2010 WL 3168117, at *4 (M.D. Ala. Aug. 10, 2010) ("Until the Eleventh Circuit changes the rule set forth in *Lowery*, this Court will continue to apply it when considering a notice of removal under the second paragraph of § 1446(b)."); *accord Williams v. Litton Loan Servicing, LP*, No. 10cv951, 2011 WL 521624, at *6 (M.D. Ala. Feb. 15, 2011).

Here, the Bridgestone Defendants received the Fitzgerald Affidavit from the former president of Woodmere, one of the non-diverse defendants. This affidavit

---

[3] In another case, removed under § 1446(b)(3), the defendant tried to distinguish *Lowery*, but without success, by suggesting that *Lowery*'s "interpretation of §1446's procedural requirements only applies to removals based upon the amount in controversy requirement," not the diversity of parties requirement. *Maxwell v. E–Z–Go*, 843 F. Supp. 2d 1209, 1214 n.2 (M.D. Ala. 2012). The district court rejected the argument, noting that § 1446(b)(3) "makes no distinction between the procedural requirements for amount in controversy and fraudulent joinder removals," and that "*Lowery* itself does not limit its discussion to removals based upon the amount in controversy." *Id.*

was not received from Plaintiffs and, thus, violates *Lowery*'s "receipt from the plaintiff" rule. *See* 483 F.3d at 1213. Because Defendants did not receive the affidavit from Plaintiffs, it cannot be considered "other paper," and, therefore, the Fitzgerald Affidavit does not satisfy the requirements of § 1446(b)(3). Removal based on the affidavit was not proper.[4]

## B. The Amended Complaint and New Information

The third element of the *Lowery* inquiry is dispositive when analyzing whether the Amended Complaint is a proper removal document. While § 1446(b)(3) permits removal based upon "an amended pleading," Plaintiffs argue that Defendants' reliance on the Amended Complaint as an alternative basis for removal is improper because the Amended Complaint does not provide any new information sufficient for Defendants to "first intelligently ascertain that this action is removable." (Doc. # 17, at 12.) Defendants contend, however, that "only after analyzing the allegations in the Amended Complaint in light of the evidence in this

---

[4] Even assuming that the "receipt from the plaintiff" rule did not apply and that the Fitzgerald Affidavit qualified as "other paper" under § 1446(b)(3), the Bridgestone Defendants have not demonstrated that the information contained in the affidavit was not available to them prior to the First Removal. The Bridgestone Defendants cite no authority for their suggestion that for purposes of removal, they were entitled to wait to "beg[i]n their investigation in earnest" of Woodmere's joinder until after this court rejected their initial argument for Woodmere's fraudulent joinder asserted as the basis for the First Removal. *See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 893 (11th Cir. 2011) (observing that the removal was untimely under § 1446(b)(3) when there was "no reason" that the removing defendants could not have obtained discovery earlier revealing the allegedly fraudulent joinder of the non-diverse defendant). Hence, the removal based upon the Fitzgerald Affidavit is not timely for this additional reason.

13

case, including the Fitzgerald affidavit . . . , did it become clear this case had become removable." (Doc. # 22, at 3.)

As discussed above, Defendants cannot rely on the Fitzgerald Affidavit since it does not satisfy the "receipt from the plaintiff" rule, and thus, Defendants must rely on the Amended Complaint. In order for removal to be procedurally proper, Defendants must establish that the new information in Plaintiffs' Amended Complaint allowed Defendants to "'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1213 n.63.

The Amended Complaint contains two amendments. First, it substitutes Ed Parish, Jr. ("Parish") as the administrator of the estate of Sagers, and as personal representative and next friend of K.N.S., the minor child of Sagers. Where an estate is a party, the citizenship that counts for diversity purposes is that of the decedent. 28 U.S.C. § 1332(c)(2); *see also King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1170 (11th Cir. 2007). The decedent is alleged to be a citizen of Alabama, and thus, this amendment does not provide any new information relevant to the citizenship of the parties. Second, the Amended Complaint includes a new demand for relief, but at no time have Plaintiffs denied that the amount in controversy exceeds the jurisdictional minimum; hence, this amendment likewise fails to provide new information relevant to whether federal jurisdiction exists. Indeed, Defendants have failed to point to any new information in the Amended

Complaint from which it can be "first ascertained" that federal jurisdiction exists. § 1446(b)(3).

Accordingly, the removal is procedurally improper, and the case is due to be remanded. Because the procedural requirements are dispositive, it is unnecessary to discuss the substantive arguments relating to fraudulent joinder.

## IV.  CONCLUSION

Based on the foregoing, Defendants have failed to satisfy the procedural requirements for removal under 28 U.S.C. § 1446(b)(3) as required by *Lowery*. Accordingly, it is ORDERED that Plaintiffs' Motion to Remand (Doc. # 17) is GRANTED, and that this action is REMANDED to the Circuit Court of Montgomery, Alabama. The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this day 16th of April, 2014.

                                        /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE